Haight, J.
This action is ejectment and was brought to recover possession of a strip of land lying in the shape of a gore along a portion of the east side of the plaintiff’s farm. The defendant is the owner of a farm lying east of the plaintiff’s farm. The plaintiff derived title through Isaac *220 Barnes from Oliver Culver, whose deed bears date January 3, 1823. The description contained in the deed particularly locates the land by metes and bounds. The defendant derived title through Sylvester Sheppard, from William N. Sheppard and wife, whose deed bears date April 30, 1840. The north fine is described as running west forty chains to Isaac Barnes’ land ; thence running south in the east line of Barnes’ land fifteen chains and twelve links; so that the west line of the defendant’s lands is bounded by the east line of the plaintiff’s lands. Both the plaintiff’s and defendant’s surveyor agree that the disputed’ strip of land is not within the description contained in the plaintiff’s deed. It is, however, contended on the part of the appellant that it is not embraced in the defendant’s deed, for the reason that there was a fence upon the east line of the disputed strip and that the boundary of the defendant’s deed by the plaintiff’s land meant the line as indicated by the fence and not the fine as indicated by the deed. But in absence of evidence showing a location of the line between the plaintiff’s and defendant’s farm, or that the plaintiff had acquired the disputed strip by adverse possession, there can be nothing in this claim, and the line described in the defendant’s deed must be held to mean the true line between the parties. It would consequently follow that the disputed strip was embraced within the defendant’s deed. The only grounds upon which the plaintiff claims the right to recover is, that there had been a practical location of the boundary line between the plaintiff and defendant, and that the plaintiff had held the disputed strip adversely for more than twenty years. There is no substantial conflict in the evidence upon either of these questions. It is to the effect that there had been a fence maintained on the east of the disputed strip, composed of rails, boards, brush, etc., for nearly forty years; that then boards, in some instances, were nailed to the trees, and where there were no trees upon posts; that it was a crooked fence and was maintained upon the edge of the woods in the rear of the defendant’s clear land, for the purpose of keeping the cattle from going back into the woods. The plaintiff’s farm was cleared up from the north, and the clearing as it now exists extends back of the plaintiff’s north line about six chains and fifty links, so that his clearing to that extent abuts upon lands of the defendant. The rest of his land abutting upon the defendant, is forest land Upon the south of the plaintiff’s clearing there is a fence running east and west across his farm, maintained by him for the purpose of keeping his cattle from running back into the woods. It appears that there had been three different clearings upon the plaintiff’s land, the last of which was made eighteen years ago. The first clearing was the *221 north side of the woods ; the second, the next south ; and the third still south of that. The extent of these three several clearings does not appear, but we are led to infer from the evidence that the last clearing covered that which abuts upon the defendant’s land. There is no evidence showing that the parties or their grantors ever met or agreed upon any location of a boundary fence, or that there was any division or mutual building of the fence until within a very few years. The evidence, on the contrary, rather tends to show that the fence was maintained by the plaintiff and his grantors upon the edge of the clearing which was used as pasture land, for the purpose of restraining cattle from straying into the forest. This being the case, there was no evidence tending to show title in the plaintiff by adverse possession, or by practical location of the boundary line, which he had the right to have submitted to the jury.
We are consequently of the opinion that the judgment should be affirmed. So ordered.
Smith, P. J.; Barker and Bradley, JJ., concur.